IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CODIE DANIELS                                                                                        PLAINTIFF
ADC #144455

v.                                    CASE NO. 5:14CV00360 BSM

CONNIE HUBBARD, et al.                                                                   DEFENDANTS

### ORDER

The partial recommended disposition ("PRD") submitted by Magistrate Judge J. Thomas Ray has been reviewed. No objections have been filed. After a *de novo* review, the PRD is adopted in part and rejected in part. The PRD is adopted as to the delay in surgery claim against defendants Joanne Burnett and Connie Hubbard, and on the improper housing claim against defendants Wanetta Clowers and Amanda King. The PRD is rejected as to the post-surgical medications claim against Hubbard, as discussed below.

Before Codie Daniels can bring his claims, the Prison Litigation Reform Act ("PLRA") requires him to exhaust the Arkansas Department of Correction ("ADC") grievance process. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Hubbard moved for summary judgment for a lack of exhaustion on the failure to administer post-surgical medication claim because Daniels did not identify her in his grievances, which ADC policy requires.

On the one hand, compliance with prison grievance procedures determines whether exhaustion occurs. *Jones*, 549 U.S. at 219; *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The level of detail necessary in a grievance is part of that prison procedure. *Jones*, 549 U.S. at

218. Surely, however, this mandate has an outer limit, especially when a prison investigates the grievance and decides it on the merits despite the procedural flaw. When a deficient grievance did not burden the prison from addressing the grievance, one must question whether exhaustion actually occurred despite that irregularity.

The Eighth Circuit recognizes that PLRA exhaustion is not *per se* inadequate merely because a later sued defendant was not named in an ADC grievance. *Bower v. Kelley*, 494 Fed. Appx. 718 (8th Cir. 2012) (per curiam) (unpublished). Indeed, the cases in which the failure to name a defendant requires dismissal are those cases in which the failure to name the defendant in a grievance prevented the ADC from investigating the grievance on the merits. For example, in *Burns v. Eaton*, 752 F.3d 1136 (8th Cir. 2014), dismissal was appropriate because the inmate named one officer who pepper sprayed him, but did not name another officer who refused to let him wash the pepper spray out of his eyes. Under those circumstances, the ADC only investigated the pepper spraying because that was the only complaint in the grievance. *Id.* at 1141–42. The ADC acknowledges the link between detailed grievances and its ability to investigate in its administrative directive: "Grievances must specifically name each individual involved *for a proper investigation and response to be completed by ADC*." Doc. No. 46, Ex. A at 4 (emphasis added).

The benefits of the PLRA's exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones*, 549 U.S. at 219. "Those

benefits are fully realized when an inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits, even if the decision-maker could have declined to reach the merits because of one or more procedural deficiencies." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

The PRD recommends granting summary judgment because ADC policy required Daniels to name the personnel involved, and his failure to do so deprived prison officials of the opportunity to investigate and address the merits of his claim. The record, however, demonstrates that the ADC repeatedly investigated Daniels's grievances, responded to them, and acknowledged that Hubbard was part of Daniels's care. Rather than dismiss grievances for the failure to follow policy, the ADC provided itself with multiple extensions to "[i]nvestigate and respond to [the] complaint." *See, e.g.,* Doc. No. 46, Ex. D at 15 ("Grievance Extension" for grievance number VU11-01183). As a part of these investigations, the ADC reviewed Daniels's medical records to determine that Daniels received the care he grieved was lacking. *See, e.g., id.* at 7. After at least one of these investigations, an official noted: "All of your doses of eye drops are not charted as being given as ordered and I regret the delay . . . ." *Id.* at 19. Ironically, Hubbard argues that Daniels did not exhaust because Daniels did not identify her, but the ADC had identified her in its response to grievance numbers VU11-01338, VU11-01339, VSM12-00016, VSM12-00039, VSM12-00040, and others. In one instance, Wendy Kelley's decision on appeal found Daniels's appeal had merit, referenced Hubbard, and analyzed the number of eye drops in a medicine bottle, how long the medication should last, and Daniels's prescriptions. *Id.*

at 42.

The ADC's investigation addressed Daniels's concerns and acknowledged Hubbard's involvement, in contrast to the inability to investigate unnamed defendants in *Burns*. The ADC cannot now resurrect a flaw in grievance procedure after deciding the grievance on the merits. *See Whatley v. Warden*, 802 F.3d 1205, 1215 (11th Cir. 2015) (recognizing the circuits agree that prisons waive procedural flaws after deciding the claim on the merits). With this record, summary judgment on the exhaustion issue is inappropriate when the ADC realized the benefits of the exhaustion requirement and decided the claim on the merits.

Accordingly, defendants' motion for summary judgment [Doc. No. 45] is granted in part and denied in part. Daniels may proceed with his delay in surgery claim against Burnett and Hubbard, and with his post-surgical medications claim against Hubbard. All other claims and defendants are dismissed without prejudice. The case is referred back to Magistrate Judge Ray to set remaining discovery and dispositive motion deadlines.

IT IS SO ORDERED this 17th day of December 2015.

_____
UNITED STATES DISTRICT JUDGE